HEARING DATE: APRIL 9, 2014
HEARING TIME: 10:00 A.M.

Linda M. Tirelli, Esq.
Garvey Tirelli & Cushner, Ltd.
Westchester Financial Center
50 Main Street, Suite 390
White Plains, NY 10606
Phone (914)946-2200 / Fax (914)946-1300
Email: LindaTirelli@TheGTCFirm.com

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
### WHITE PLAINS DIVISION

```
-------------------------------------------------------X
IN THE MATTER OF:                          )
                                           )
                                           )    CASE NO. 13-22877(RDD)
HECTOR MUNOZ,                              )
JANE BOURGEOIS-MUNOZ                       )
             DEBTORS.                      )
_____           )
                                           )
SELENE FINANCE AS SERVICING                )
AGENT FOR SRMOF 2009-1 TRUST               )
                                           ) RESPONDENTS'
MOVANTS,                                   ) OBJECTION TO MOTION FOR
                                           ) RELIEF FROM STAY AND REQUEST )
                                           ) FOR ACCOUNTING  AND
                                           ) CONDITIONAL MOTION FOR FEES
                                           ) AND SANCTIONS
vs.                                        )
                                           )
HECTOR MUNOZ,                              )
JANE BOURGEOIS-MUNOZ                        )
         RESPONDENTS     .                 )
-------------------------------------------------------X
```

---

### OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
### FILED BY SELENE FINANCE AS SERVICING AGENT FOR SRMOF 2009-1 TRUST
### AND
### RESPONDENTS' REQUEST FOR ACCOUNTING
### AND
### RESPONDENTS' CONDITIONAL MOTION FOR DAMAGES AND FEES

---

**COME NOW** the above-named Debtors / Respondents, Ms. Mr. Hector Munoz and Jane Bourgeois-Munoz (hereinafter "Respondents" or "Debtors"), by and through their attorney of record, Linda M. Tirelli, Esq. of the law firm of Garvey, Tirelli & Cushner, Ltd. hereby pursuant to court Order, do so respond and respectfully object to the Motion for Relief from Automatic

Stay filed in this case by the above named purported creditor and in support hereof respectfully
show unto the Court the following:

1.  This case was commenced by the filing of a Chapter 7 petition with the clerk of this court

    in the White Plains division on June 3, 2013.

2.  The Chapter 13 Debtors, a married couple,  are joint owners of real estate located at 949

    Post Road, Scarsdale, NY 10583 their primary residence (hereinafter the "property")

    where they reside with their minor children.

3.  On or about August 27, 2013,  a Proof of Claim was filed naming creditor "SRMOF

    2009-1 Trust", an entity not familiar to the Debtors and not identified as a creditor in the

    Debtors'' petition.  A copy of the Proof of Claim filed  as ECF Claim Number 8-1 is

    attached hereto as **Exhibit "A"**.

4.  Because the claimant was unknown and the documentation attached to the proof of claim

    appears to be lacking and in parts, fabricated, the undersigned sent a letter requesting

    information as well as the production of an original note and collateral file.  A copy of the

    letter is attached hereto as **Exhibit "B".**

5.  When no response was received, the undersigned published a copy of the August 27th

    2013 letter on the court's ECF system to ensure notice to opposing counsel, Attornwy

    Ted May.  (Please see ECF Doc. No. 12 filed on November 20, 2013.)

6.  On or about January 8, 2014, without any response to the inquiry regarding the Proof of

    Claim, Attorney Ted May filed a Motion for Relief from Stay and supporting

    Memorandum of Law (hereinafter the "Motion")  identified as Document Number 13 on

    the court's ECF system.  A copy of  said  Motion with its exhibits is attached hereto as

    **Exhibit "C"**.

7. The debtor hereby objects to the granting of the Motion for all the reasons set forth herein below.

## I.  FACTUAL ALLEGATIONS

8. The documents attached in support of the instant Motion are deficient and in some cases, outright fabricated as set forth and described further herein below.  Debtors aver that to the extent documents have been fabricated for the purpose of enticing the Court's reliance, the same constitute fraud on the court. Attached to the Motion are the following supporting documents of particular concern:

| DOCUMENT | DEBTORS' AVERMENTS |
|---|---|
| "Affirmation in Support of Motion for Relief from Automatic Stay" and "Notice of Motion for Relief From Automatic Stay" executed by Attorney Ted Eric May (counsel for the purported creditor) dated January 8, 2014; | Affidavit lacks foundation in that the affiant has no personal knowledge as to the statements made therein regarding the debt and standing of the purported creditor. |
| "Affidavit in Support of Motion for Relief From Automatic Stay" executed by Carine Fol, Asst. Vice President of Selene Finance, dated December 12, 2013 and Declaration of Carine Fol in support of her Affidavit and the Motion and  Certification for Business Records executed by Carine Fol, Assistant Vice President of Selene Finance. | Affidavit lacks foundation in that the affiant has no personal knowledge to support the statements made therein ; Affidavit draws legal conclusions; Affidavit is a "fill in the blank" form and does not lay any foundation for the affiant's claimed knowledge, seemingly it was prepared by a third party who had no knowledge as to the identity if the affiant and signed as an accommodation; The Declaration indicates sums different from those sought in the Proof of Claim. In fact, the recoverable fees reflected in the Motion as per Ms. Fol, total $13,629.05 while the total reflected in the proof of claim totals $31,776.69.  The Debtors demand a full accounting and life of loan transaction history reflecting all add-on fees and charges, recoverable and non-recoverable . |

| | The declarant states that she testified from images and does not confirm that original documents are maintained or held by the purported claimant. The purported creditor cannot assert standing based on "images". Declarant also not state which entity maintains the records and images she reviewed not does she state the foundation of her personal knowledge as to how the records are maintained. |
|---|---|
| A six (6) page document entitled "Interest Only Period Adjustable Rate Note" bearing the date "October 16, 2007" at page one, identifying the following: <br> 1. Lender: "Concord Mortgage Corp, A New York Corporation"; <br> 2. Borrower(s): Hector Munoz and Elise Bourgeois-Munoz; <br> 2. Principal Sum Borrowed: "$1,000,000.00"; <br> 3. Interest Rate: "7.875%"; and <br> 4. Monthly Payment of Principal and Interest: "$6562.50"; <br> 5. Loan Number **100107085484** <br> 5. The document bears no further indorsement. | Notably, there appears to be what can be best described as "hole punch" marks at the top of each page. <br> The Court should further note that there is no indorsement on the image of the Note despite there being ample room to accommodate an indorsment at page 6 of the instrument. |
| A page titled "ALLONGE" identifying the following: <br> 1. Loan Number: **002004777755**; <br> 2. Borrowers: Hector Munoz and Elise Bourgeois-Munoz a/k/a Elise Munoz; <br> 3. Property Address: 949 Post Road, Scarsdale, New York 10583; <br> 4. Loan Amount $1,000,000.00; <br> 5. Note / Loan Date: 10/16/2007 <br> 6. Indorsement type language "Pay to the Order of <u>Citimortgage, Inc.</u> Without recourse" Company Name: Concord Mortgage Corp., A New York Corporation <br> By: (signature) <br> Name an Title: Malia Iorio, Controller | Debtors/ Respondents dispute that this so-called "Allonge" qualifies as an indorsement under NYS UCC 3-202(2) (See Official Comments 1 through 4) Furthermore, an allonge is not appropriate under New York's "No Space Test" when there is room for indorsement on the instrument. <br> Furthermore the loan number differs from that in the prior purported allonge. This alleged Allonge is not dated and signature is not notarized. <br> Debtors/Respondents aver this to be a bogus document fabricated to entice the court's reliance. |
| A page titled "NOTE ALLONGE" identifying the following: <br> 1.        Loan Number: 2004777755; | Debtors/ Respondents dispute that this so-called "Allonge" qualifies as an indorsement under NYS UCC 3-202(2) |

| | |
|---|---|
| 2.     Borrower(s): Hector Munoz;<br>3.     Property Address: 949 Post Road, Scarsdale, New York 10583;<br>4.     Indorsement type language "Without recourse, Pay to the Order of:<br>Selene Finance, LP<br><br>CitiMortgage, Inc.<br>By: (signature)<br>Name: Daniel Smith<br>Title: VP By Power of Attorney for CitiMortgage, Inc. | (See Official Comments 1 through 4) Furthermore, an allonge is not appropriate under New York's "No Space Test" when there is room for indorsement on the instrument.<br>Furthermore the loan number differs from that in the prior so-called "Allonge" and from the document claimed to be a copy of a promissory note.<br>The signer identified a Power of Attorney but does not attach a copy.<br>This alleged "Note Allonge" omits to identify the second borrower, Co-Debtor / Respondent Elise Bourgeois-Munoz.<br>This alleged "Note Allonge" is not notarized nor is it dated.<br>Debtors/Respondents aver this to be a bogus document fabricated to entice the court's reliance. |
| A page titled "NOTE ALLONGE" identifying the following:<br>1.     Borrower: Hector Munoz;<br>2.     Property Address: 949 Post Road, Scarsdale, New York 10583;<br>3.     Loan Amount: $1,000,000.00<br>4.     Disclaimer type language "For the purpose of endorsement of the attached Note, this Allonge is affixed and becomes a permanent part of said Note"<br>5.     Indorsement type language "Pay to the Order of: SMROF 2009-1 Trust, Without recourse"<br><br>Selene Finance, LP<br>By: (signature)<br>Name: Gina Gray<br>Title: Vice President<br>Date: 9-6-12 | Debtors/ Respondents dispute that this third so-called "Note Allonge" qualifies as an indorsement under NYS UCC 3-202(2) (See also Official Comments 1 through 4) Furthermore, an allonge is not appropriate under New York's "No Space Test" when there is room for indorsement on the instrument.<br>Furthermore there is no loan number to identify the Note allegedly being indorsed with this alleged Note Allonge. This alleged "Note Allonge" fails to identify the second borrower, Co-Debtor Elise Bourgeois-Munoz.<br>This alleged "Note Allonge" is not notarized. However, it is dated September 6, 2012. It remains a mystery as to how or why what appears to be a private placement trust would accept a loan in 2012 which allegedly defaulted three years prior. The Court should know that based on research and firm belief, Ms. Gina Gray is "Vice President of Foreclosures and Bankruptcy" the department believed to be charged with the duty of preparing documents for the |

|  | purpose of filing with the various state and federal courts, including the instant Court. Furthermore, the Court should note that this appears to be the same Gina Gray who signed an Assignment of Mortgage, omitted as an exhibit to the instant Motion and which was provided as an exhibit to the Proof of Claim. The Debtors/Respondents aver this Allonge to the Note to be a bogus document fabricated to entice the court's reliance. |
|---|---|

9. The Court should note that the pending motion neglects to include a purported "Assignment of Mortgage" which appears as an exhibit to the Proof of Claim. The Debtors contend that this is a false assignment and as set forth further below, simply makes no logical sense when put into context with foru(4) additional assignments located in the Westchester County Land Records. The assignment attached to the Proof of Claim but omitted from the instant motion is as follows:

| ASSIGNMENT ATTACHED TO POC | DEBTORS' AVERMENTS |
|---|---|
| A curious single page document **"Assignment of Mortgage"** dated September 6, 2012 identifying the following parties and information:<br><br>1. Assignor: "Selene Finance LP" ;<br>2. Assignee: "SMROF 2009-1 Trust, Its Successors and Assigns"<br>3. Signed by "Gina Gray, Vice President" of Selene Finance, LP.[1]<br>4. Prior Assignments Referenced:<br>   a) From MERS as Nominee for Concord Mortgage Corp. to CitiMortgage, | Notably, neither the "correcting assignment" nor the assignment from CitiMortgage to Selene described in the instant assignment are attached to Movant's motion or its Proof of Claim. As set forth below there are in fact multiple assignments of mortgage and note recorded on the land records but omitted from the exhibits presented with the Motion for Relief from Stay and the Proof of Claim. |

---
[1] It is worth noting that this appears to be the same Gina Gray who signed one of the three (3) purported "Allonges" referenced herein above and a second assignment as described further below.

| | |
|---|---|
| recorded 9/11/2009 Doc. No. 492390053<br>b) From MERS as Nominee for Concord Mortgage Corp. to Selene Finance LP, recorded 9/2/2010 Doc. No. 502363342 *Which assignment is being corrected. From Citimortgage to Selene Finance LP to be filed concurrently herewith.* | For reasons stated further herein below, the Debtors/Respondents aver that this is a fraudulent document fabricated for the purpose of enticing the Court's reliance. |

10. The court should know that the Assignment presented with the Proof of Claim is not completely reflective of the chain of assignments of mortgage and note which are recorded with the Westchester County Land Records.  For the reasons stated below, the Debtors aver that each of the five (5) assignments are bogus documents, fabricated and represent the recording of fraudulent documents on the Westchester County Land Records.  A copy of the five (5) assignments are attached hereto as **Exhibit D.**

11. As per the Westchester County Land records, the chain of assignments as recorded is as follows:

| RECORDED ASSIGNMENT | DEBTORS' AVERMENTS |
|---|---|
| <u>Document</u>: "Assignment of Mortgage"<br><u>Assignor</u>:  MERS as Nominee for Concord Mortgage Corp<br><u>Assignee</u>: CitiMortgage, Inc.<br><u>Signor</u>: Elpiniki Bechakas, Assistant Secretary and Vice President of MERS as Nominee for Concord Mortgage Corp.<br><u>Notary</u>: Margaret Jacobsen,<br>Erie County, NY<br><u>Date</u>: July 16, 2009<br><u>Westchester County Control Number</u>: 492390053 | The Debtors aver that this is a fraudulent document.  As this court and nearly every other court in the State of New York is aware, Elpinicki Bechakas was a lawyer working at the disgraced and now defunct law firm of Steven J. Baum, PC.  Based upon information and belief, the Steven J Baum Law Firm represented CitiMortgage as a creditor on or about the date this document was created.  Ms. Bechakas would have been signing on behalf of the Assignor while her employer represented the assignee.  The Hon. Judge Arthur Schack discussed this exact relationship exposing Ms. Bechakas in the case of <u>US Bank, NA v. Emmanuel</u> 2010 NY Slip Op 50819(U) Decided May 11, 2010. (Copy |

| | |
|---|---|
| | attached as **Exhibit _E_)** |
| | Ms. Bechakas confirmed her relationship with the Baum firm in an affidavit submitted in the case of In re Thomas Green Ch . 13 Bankruptcy Case No. 09-12911(MG), SDNY. A copy is attached hereto as **Exhibit _F_.** |
| | In the event it proves helpful to the court, the undersigned maintains a collection of documents signed by Ms. Bechakas purporting to be someone other than a lawyer at the Baum firm, too voluminous to attach hereto.  Based upon information and belief, prior to the dismantling of the Baum firm, the US Trustee's office investigated numerous complaints about the bogus documents signed by Ms. Bechakas and the Baum firm was prohibited from submitting further documents bearing Ms. Bechakas's signature. |
| <u>Document</u>: "Assignment of Mortgage" ***(The Court should note that this document purports to assign both the <u>Note</u> and Mortgage)*** <u>Assignor</u>:  MERS as Nominee for Concord Mortgage Corp <u>Assignee</u>: Selene Finance, LP <u>Signor</u>: M. Arndt, Authorized Signor of MERS as Nominee for Concord Mortgage Corp, a New York Corporation <u>Notary</u>: Julie Bacon, State of Texas <u>Date</u>: July 23, 2010 <u>Westchester County Control Number</u>: 502363342 | The Debtors aver that this too is a fraudulent document. Based upon research, information and belief the signor "M. Arndt" is an employee of a document production company "Orion" and was never authorized to execute anything on behalf of Concord Mortgage Corp.  In fact, as per the New York State Secretary of State Depart of Corporations, the corporate entity known as "Concord Mortgage Corp" was dissolved by proclamation as of January 27, 2010 – nearly seven (7) months prior to the date of this document. It is therefore factually not possible that MERS could act in any sort of agency capacity n behalf of a dissolved entity. |
| <u>Document</u>: "(Corrective)Assignment of Mortgage" <u>Assignor</u>:  CitiMortgage, Inc. <u>Assignee</u>: Selene Finance, LP <u>Signor</u>: M. Mathews, Vice President of | The Debtors aver that this too is a fraudulent document. Based upon research, information and belief the signor "M. Mathews" is an employee of a document production |

| | |
|---|---|
| CitiMortgage<br>Notary: Julie Bacon,<br>State of Texas<br>Date: August 31, 2012<br>Westchester County Control Number: 522893473<br><br>Additional Language: This Assignment of Mortgage is being recorded to correct the Assignor from Assignment Recorded 9/2/2010 In Control 502363342 | company "Orion" and was never authorized to execute anything or otherwise correct anything on behalf of Concord Mortgage Corp.  M. Mathews is not an employee of CitiMortgage nor has he/she ever been employed by CitiMortgage.  The undersigned brough the bogus document of M. Mathews to this Court's attention in 2009 in the case of In re Barbara Frusciante 09-22886(rdd) via Objection to Proof of Claim when M. Mathews signed an assignment of mortgage and note purporting to transfer an asset of Lehman Brothers while the company was engaged in its own bankruptcy.  Clearly there is no system of checks and verifications at Orion to confirm the information in the documents it fabricates is correct.  As stated above, as per the New York State Secretary of State Depart of Corporations, the corporate entity known as "Concord Mortgage Corp" was dissolved by proclamation as of January 27, 2010 – nearly nine (9) months prior to the date of this document.  A copy of the web page taken from the NYS Secretary of State is attached hereto as **Exhibit G**.  It is therefore factually not possible that M. Mathews could possibly correct a filing which was a fraudulent filing to begin with or that he/she could act in any sort of agency capacity behalf of a dissolved entity. |
| Document: "Assignment of Mortgage"<br>Assignor:  Selene Finance LP<br>Assignee: SRMOF 2009-1<br>Signor: Gina Gray, Vice President of Selene Finance, LP<br>Notary: Leticia M. Turner,<br>State of Texas<br>Date: September 6, 2012<br>Westchester County Control Number: 522893480 | As set forth herein above, based upon information and belief, Gina Gray works in the Foreclosure/ Bankruptcy department at Selene Finance.  It is also the Debtors' contention that Ms. Turner is also employed in the same department as Ms. Gray.  Based upon information and belief, the foreclosure / bankruptcy department at Selene Finance is charged with the duty of preparing documents for court proceedings.  To the extent this is an assignment to complete a chain of the above prior assignments, it makes no sense |

| | as the prior three were all fabricated.  The undersigned has been unable to confirm the existence of the names assignee as no record of such trust "SRMOF 2009-1" filed with the SEC.  To the extent this is a private trust, it stands to reason that a 2009 trust would have a closing date for accepting loans in the year 2009.  Trusts generally do not ever accept defaulted loans a s it would be detrimental to the investors.  According to the motion at bar, the Movants claim the loan was in default in 2012 at the time of this alleged assignment.  This document is a fabrication and submitted to the county land records.  It is worth noting that Gina Gray is believed to be the same Gina Gray who signed the 5th assignment (see below) as well as one of the numerous Allonges mentioned above. |
|---|---|
| <u>Document</u>: "Assignment of Mortgage" <u>Assignor</u>:  Selene Finance LP <u>Assignee</u>: Wells Fargo Bank, NA Not in Its Individual or Banking Capacity, But Solely as Trustee for SRMOF 2009-1 <u>Signor</u>: Gina Gray, Vice President of SRMOF 2009-1Trust By Selene RMOF LLC, Its Sole Certificate Holder <u>Notary</u>: Bertha Villanueva Castillo, State of Texas <u>Date</u>: June 7, 2013 <u>Westchester County Control Number</u>: 522893480 | As set forth herein above, based upon information and belief, Gina Gray works in the Foreclosure/ Bankruptcy department at Selene Finance.  It is also the Debtors' contention that Ms. Castillo is also employed in the same department as Ms. Gray.  Based upon information and belief, the foreclosure / bankruptcy department at Selene Finance is charged with the duty of preparing documents for court proceedings.  To the extent this is an assignment to complete a chain of the above prior assignments, it makes no sense as the prior four(4) assignments above were all fabricated.  This assignment is a post-petition assignment not mentioned in the instant motion nor submitted with the proof of claim.  The document is again signed by Gina Gray but she signed on behalf of a third party not the Assignor or Assignee. The undersigned has been unable to confirm the existence of the names assignee as no record of such trust "SRMOF 2009-1" filed with the SEC.  To the extent this is a private trust, it stands to |

|  | reason that a 2009 trust would have a closing date for accepting loans in the year 2009.  Trusts generally do not ever accept defaulted loans a s it would be detrimental to the investors.  According to the motion at bar, the Movants claim the loan was in default in 2012 at the time of this alleged assignment.  This document is a fraudulent document fabricated for the purpose of enticing he reader's reliance and to manipulate the land records pertaining to the Debtors' property. |
| --- | --- |

## II. LEGAL ARGUMENT: LACK OF REQUIRED DOCUMENTATION AND FRAUD ON THE COURT

12. The Debtors aver that the purported Allonges annexed to Wells Fargo's proof of claim are bogus and do not qualify as Allonges under NYS law.  New York's Uniform Commercial Code section U.C.C. § 3-202(1) states, in relevant part, that "negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order, it is negotiated by delivery with any necessary endorsement. . . ." The next subsection, U.C.C. § 3-202(2), requires that an endorsement "be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto so as to become a part thereof." Indeed, under U.C.C. § 3-201(3), "negotiation takes effect only when the indorsement is made and until that time there is

no presumption that the transferee is the owner."[2]  Further, under New York law the rule

is that "Without an indorsement a transferee cannot be a holder."[3]

13. The operative section of New York's UCC (cited as CLS UCC § 3-202(2)) requires

indorsement on the instrument itself "or on a paper so firmly affixed thereto as to become

a part thereof" in order to effectuate a valid assignment of the entire instrument."[4]  This

rule is in agreement with the commentary to this section of New York's UCC which lists

as authority cases following the same proposition of law from throughout the Country.

These cases stand for such basic propositions as "assignment of vendor's lien note,

without endorsement upon instrument itself, was not in compliance with provisions of

UCC § 3-202(2) or commercial practices governing such transaction."[5]  The official

commentary also cites for a controlling proposition of law holding regarding allonges

"[a] document purporting to transfer and assign promissory note which was never

attached to note did not serve as effective endorsement of note under UCC § 3-202(2)."[6]

A Massachusetts decision relied upon in the New York commentary held that "that

payee's signing of instrument that assigned note did not constitute indorsement of note

under UCC § 3-202(2) because assignment instrument was not so firmly affixed to note

as to be part thereof."[7]

---

[2]  See Consolidated Capital Corp. v. DeSalvo, 146 Misc. 2d 437, 550 N.Y.S.2d 803 (N.Y. Civ. Ct. 1990).

[3]  See Uniform Commercial Code, § 3-201, subd [3]; also, Uniform Commercial Code, § 3-201, Official Comment, No. 7, p 101. as cited in National Bank of North America v. Flushing Nat'l Bank, 72 A.D.2d 538, 538-539 (N.Y. App. Div. 1st Dep't 1979)

[4]  Slutsky v Blooming Grove Inn, Inc. (1989, 2d Dept) 147 App Div 2d 208, 542 NYS2d 721

[5]  Penny v Kelley (1975, Tex Civ App 9th Dist) 528 SW2d 330, 18 UCCRS 454

[6]  Billas v Dwyer (1976) 140 Ga App 774, 232 SE2d 102, 21 UCCRS 157.

[7]  Duxbury v Roberts (1983) 388 Mass 385, 446 NE2d 401.

The Official Comment Number 3 further states that " … a separate paper pinned or clipped to an instrument is not sufficient for negotiation.  The indorsement must be on the instrument itself or on a paper intended for the purpose which is so firmly affixed to the instrument as to become an extension or part of it.  Such a paper is called an allonge".

14. Perhaps no Court which has examined this issue has come down harder against a purported creditor than the New Jersey Court which addressed this issue.  The Defendant hopes that Your Honor finds this decision instructive.  The New Jersey Court stated "the unanimity of the courts in cases where the signature is separate from the instrument can be explained by a judicial perception that it is sound policy to require the indorsement to be on the instrument" "the same goals prompting adoption of the provision, prevention of fraud and ensuring an attached chain of title record -- are equally served in applying the requirement here" "That longstanding provision was enacted, after all, for the benefit of parties in Empire's position, commercial sophisticates that trade in the secondary market for negotiable instruments. The provision is not ambiguous, nor can Empire assert excusable ignorance of an unusual local technicality, given the rule's universal application. The flaws in the notes should have been perceived quickly and readily cured. Instead, the record suggests that the failure to observe that Code formality was caused by nothing short of sheer carelessness." "Financial institutions, noted for insisting on their customers' compliance with numerous ritualistic formalities, are not sympathetic petitioners in urging relaxation of an elementary business practice. It is a tenet of commercial law that "holdership and the potential for becoming holders in due course should only be accorded to transferees that observe the historic protocol".[8]

---

[8]  Adams v. Madison Realty & Dev., Inc., 853 F.2d 163, 169 (3d Cir. N.J. 1988)

This case presents a classic example of why this rule is universal.  If this promissory note had been endorsed to the claimant Trust as the Movant implies via its submissions, then there would have been no possible way for the Court to receive  a proof of claim with multiple pages between the allonges and the Note such as seen in the documents attached to the Proof of Claim.  There would also be uniform hole punch marks on each image indicating they are part of the same document and pages are affixed to each other, which clearly, there are not.  The very appearance of the images of purported Allonges leaving out information about the second borrower and signed by a known robo signer, Gina Gray,  in this case at this moment is nothing more than extrinsic evidence of fraud on the Court.

15. Lastly, as to the question of the use of any allonge at all in this case, it should be known to the Court that the State of New York has not adopted the Revised article 3 of the UCC, something of which Ms. Gray and her department in Texas might not be aware.   The Law of New York embraces the "No-Space" test which traces its roots to an ancient case called <u>Watson's Executors v. McLaren</u>[9], where the Court held "it is a general rule that no person can be considered as a party to a bill, unless his name, or the name of the firm of which he is a partner, appear on some part of it." Again: "If there be not room on the bill, others may be added on an annexed paper called *un allonge*."  This earliest statement authorizing the use of an allonge in New York law remains the law of the day in that it may be said an allonge is <u>only</u> proper when there is no space upon the document for the necessary indorsement sought to be entered.  Such cannot be said to be the case with this document.  Page 6 of the purported Note leaves nearly 1/3 of a full page available for the purpose of indorsement.  There is also presumably a full blank back side of the last page of the note.  The court can draw an inference that the use of any allonge is improper in

---

[9]  19 Wend. 557, 567-568 (N.Y. Sup. Ct. 1838)

this case.  Assuming arguendo the court determines the first allonge to be proper, there

remains plenty of room on it to hold additional subsequent indorsements.

16. The Debtors object to the court accepting the images attached to the Motion or the Proof

of Claim as truthful when statute and case law can only be read to require a physical

inspection of the original Note and make a finding of fact. Because the allonges are not

firmly attached to the promissory note and because there was at all times

available space on the promissory note for the indorsements which are found

instead on the series of purported allonges, said allonges are required to be

excluded from the evidence in this case under New York law.

17. For the reasons set forth herein above, the Debtors aver that the Movant has fabricated

indorsements on a made-up series of purported allonges for the purpose of enticing the

court's reliance on false indorsements.  As set forth in the assignments recorded on the

land records, the Movant lacks integrity in that there is a significant history of false

documents recorded on the land records therefore the movant is capable of producing

false documents and inserting the same in the public record.  At least one of the bogus

assignments signed by Ms. Gray is attached to the Movant's proof of claim submitted to

this Court under oath.  When taken in context of the multiple other assignments not

presented by the Movant, it is clear the Movant's motives are to create an illusion of a

complete chain of transfers where none exists. The Movant filed the bogus allonges with

this court knowingly and with the intention of deceiving the court. The Movant has

committed fraud upon the court, the debtor, the chapter 13 trustee and all creditors and

parties of interest in this case.

18. This court is not immune to the climate of the times and coined term of art, "Robo-Signer." To the extent Ms. Gina Gray executes documents for the purpose of creating a chain of transfers and title where non exists, the Debtor avers that Ms. Gray is a "robo-signer" ie., an individual paid to sign documents such as the allonge and assignments of mortgage in the instant case, without regard or knowledge of the truth of the information contained in such documents.

19. Clearly the assignment of mortgage presented by the Movant in its proof of claim and the alonges presented in both the proof of claim and Motion for Relief From Stay this case are manufactured documents intended to defraud the Court, the United States Trustee, the Debtor and all other parties effected by the instant bankruptcy case.


## II.      LEGAL ARGUMENT: WELLS FARGO BANK, NA LACKS STANDING TO FILE A MOTION FOR RELIEF FROM STAY

20. According to the information provided by Selene Finance As Servicing Agent For SRMOF 2009-1 Trust and that available in the public records, as aforesaid the debtors' loan is not owned by the Movant. The Movant cannot assert a beneficial interest in the note, nor it could enforce the note in its own right.


21. A federal Court cannot have jurisdiction unless a party has constitutional standing. The creditor fails to provide any credible evidence as to if and when a negotiation of the Note to Wells Fargo or its principle actually occurred. The lack of indorsement on the actual Note followed by a series of questionable unauthorized indorsement on documents purporting to be allonges, but failing to qualify as allonges, leaves the court and the debtor to guess when any negotiation of the note occurred.

16

**22.** Movant is not a creditor and has failed to provide any evidence that it currently holds Debtor's note or any evidence of its own authority.  Movant  is therefore, not a creditor nor a real party in interest and has no standing to file the instant motion.

### III.  WELLS FARGO BANK, NA LACKS STANDING AS PER APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE AND BANKRUPTCY PROCEDURE

23. In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of "who" can assert a claim as a holder, because pleading *and* standing issues which arise in the context of our federal court system. According F.R.Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the **real party in interest**."* (emphasis added)

24. A Motion for Relief From Stay, is a contested matter, governed by F. R. Bankr. P. 9014(a), which makes F.R. Bankr. Pro. 7017 applicable to such motions. F.R. Bankr. P. 7017 is, of course, a restatement of F. R. Civ. P. 17.

25. The Debtor avers that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner* of a note. Because the actual name of the actual note holder is not ascertainable , Selene Finance As Servicing Agent For SRMOF 2009-1 Trust's very claim asserted via motion is defective.

## IV.  SELENE FINANCE AS SERVICING AGENT FOR SRMOF 2009-1 TRUST LACKS CONSTITUTIONAL STANDING TO SEEK RELIEF IN A FEDERAL COURT

26. The United States Constitution Article III §2 specifically limits the jurisdiction of the federal

courts to "Cases or Controversies." Justice Powell delivered the Opinion of the Supreme

Court in the case of Warth v. Seldin addressing the question of standing in a federal court as

follows:

"In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. This query involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. In its constitutional dimension, standing imports judiciability: whether the plaintiff has made out a "case or controversy" between himself and the defendant within the meaning of Art.III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of judiciability, the standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant *his* invocation of federal –court jurisdiction and to justify exercise of the court's remedial powers on his behalf. Baker v. Carr 369 U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party…A Federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered "some threat or actual injury resulting from the putatively illegal action…" Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973)." Warth v. Seldin 422U.S.490, 498 (1975)

"Apart from this minimum constitutional mandate, this Court has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers. … even when the plaintiff has alleged injury sufficient to meet the "case or controversy" requirement, this Court has held that the **plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties**. E.g., Tilestion v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943)." Warth v. Seldin 422U.S.490, 499 (1975) (**emphasis added**)

27. The Debtors in the instant case reiterate that a party seeking relief  in any Federal Court

"bears the burden of demonstrating standing and must plead its components with specificity."

*Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999)*. Again, the

minimum constitutional requirements for standing are: proof of injury in fact, causation, and

redressability. *Valley Forge Christian College v Americans United for Separation of Church*

*& State, Inc., 454 U.S. 464, 473 (1982)*. Furthermore, in order to satisfy the requirements of

Article III of the United States Constitution, any claimant asserting rights in a Federal Court

must show he has personally suffered some actual injury as a result of the conduct of the adverse party. *Coyne, 183 F.3d at 494; Valley Forge, 454 U.S. at 472.*

28. Movant has failed to provide any credible proof of its standing as a real party in interest.

29. As set forth hereinabove, the Movant can make no assertions as to its own interest in the outcome of the instant claim it is making, nor does Movant make any mention of any perceived injury to itself. Instead, Movant presumably seeks to redress an alleged wrong to what is presumed to be a third party or parties, (ie, the holder and owner of the Debtor's Note and Mortgage) and thus the Movant in the case at bar lacks standing in a federal court. Movant cannot bring this claim without properly either identifying direct injury or threat of injury to itself or by joining a real party in interest.

30. The minimum constitutional requirements for standing in a federal court are: proof of injury in fact, causation and redressability. Valley Forge Christian College vs. Americans United for Separation of Church & State, Inc. 454 U.S. 464, 472 (1982). In its Motion for Termination of Automatic Stay, JP Morgan Chase refers to itself as a "secured creditor." (see first paragraph in both Movant's pleadings "Application" and "Supplemental Affirmation in Further Support of Motion for Temination of the Automatic Stay") However, the Movant has not shown that it has any stake in the ownership of the Note and Mortgage as either a holder or owner. Any attempt to indicate itself as an owner of the loan has been by way of fraudulent and misleading documents.

31. It is well anticipated that Movant will respond to this objection by asserting that the assignment, regardless of validity, is unnecessary.  This phenomenon of submitting written assignments and then arguing they are of no consequence or otherwise "unnecessary," is not

unique to the documents submitted in this Federal Court . In a February 2009 decision Wells

Fargo Bank, N.A., as Trustee for First Franklin Mortgage Loan Trust 2006-FF15, Mortgage

Pass Through Certificates, Series 2006-FF15 v. Sem M. Sait Aubin, et al 2009 NY Slip Op

50197(U) (copy attached) NY Supreme Court Judge Arthur Schack was concerned for the

authenticity and motivation behind certain assignments in deciding a motion for summary

judgment in a foreclosure action. J. Schack denied plaintiff's motion expressing the court's

reservations as to a series of two questionable assignments , "…the Court requires an

explanation from an officer of plaintiff Wells Fargo explaining why, in the midst of our

national subprime mortgage financial crisis, plaintiff Wells Fargo purchased from MERS, as

nominee for First Franklin, a nonperforming loan." And further  noted that the motion was

denied without prejudice provided the moving party, but 60 days to provide documentation

which in part would , "(2) an affidavit from an officer of plaintiff, WELLS FARGO BANK,

N.A. AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15,

MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15, explaining why

plaintiff took the September 10, 2007 assignment of the instant nonperforming loan, 102 days

in arrears, from MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC., as

nominee for FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK; Wells Fargo

v. Sait Aubin p. 6


32. J. Arthur Schack when presented with written assignments of questionable nature in foreclosure

actions has routinely not permitted the Plaintiff to switch gears after submitting such writings to

later claim that no writing is required. In fact , Judge Schack has taken the position that once a

writing is submitted, the court will require a thorough and complete verification of its

authenticity. Judge Schack has repeatedly denied plaintiffs motions in foreclosure actions

requiring additional verification pertaining to the authenticity of submitted assignments. WELLS

FARGO BANK, N.A., as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15 v. SEM M. SAINT AUBIN, ET. AL. 37401/07 Supreme Court of the State of New York, Kings County, Decided February 10, 2009. ; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee Under Pooling and Servicing Agreement Dated as of April 1, 2007 Securities Asset Backed Receivables, LLC Trust 2007-BR2 Mortgage Pass-through Certificates, Series 2007-br2 v. LINDA BAILEY, ET. AL. 2009 NY Slip Op 50191(U) 3747/08 Supreme Court of the State of New York, Kings County Decided February 9, 2009.; INDYMAC BANK, FSB v. RANDOLPH BETHLEY; SONIA BADILLO ROSADO, ET. AL. 2009 NY Slip Op 50186(U) 9615/08 Supreme Court of the State of New York, Kings County Decided February 6, 2009.

33. The Debtors further object to the falsified document Wells Fargo purports to be an assignment submitted to this court in support of its proof of claim. In fact, the so-called assignment has done little except to create a cloud on the public record of this court proceeding by creating a discrepancy as to the chain of assignment of the mortgage.

**WHEREFORE,** the debtors pray of the Court as follows:

A.     That Creditor's Motion for Relief from Stay be denied;

B.     That Selene Finance As Servicing Agent For SRMOF 2009-1 Trust be precluded from filing any amended, modified or substitute claim or further motions seeking relief from stay in this case;

D.     That the Debtor have and recover against Selene Finance As Servicing Agent For SRMOF 2009-1 Trust a sum to be determined by the Court in the form of actual damages;

F.     That the Debtor have and recover against Selene Finance As Servicing Agent For SRMOF 2009-1 Trust a sum to be determined by the Court in the form of statutory damages;

G.      That the Debtor have and recover against Selene Finance As Servicing Agent For SRMOF 2009-1 Trust a sum to be determined by the Court for punitive damages;

H.      That the Debtor have and recover against Selene Finance As Servicing Agent For SRMOF 2009-1 Trust a sum to be determined by the Court all legal fees and expenses incurred by her attorney(s); and

I.      That the debtor have such other and further relief as the Court may deem just and proper.

## V.  Conditional Motion Requesting the Recovery of Legal Fees and Expenses Under 28 USC 1927

In the event the Motion for Relief From Stay is withdrawn by Selene Finance As Servicing Agent For SRMOF 2009-1 Trust at any time prior to the conclusion of the final hearing on the merits or in the event this Court denies the Motion of   Selene Finance As Servicing Agent For SRMOF 2009-1 Trust based on one or more of the Affirmative Defenses pleaded herein or in the further event that the Court denies the claim upon a finding of one or more of the following facts:

1.   This Court finds that the factual contentions in the creditor's motion for relief from stay were not based on a reasonable review of the transfer, transactional or account records of the debtor's loan as maintained by the Master Servicer, the Primary Servicer, the Subservicer, the Default Servicer, the Claimant, or any third-party vendor; or


2.   This Court determines that the proof of claim and amended proof of claim was/were filed for some improper purpose such as to harass the debtor, generate fees (legal, servicing or

otherwise) or to cause unnecessary delay or needlessly increase the cost of this Chapter 13
bankruptcy case.

Then and in the event any one or more of such findings are made by this Court then the debtor
respectfully move this Court pursuant to the provisions of Section 1927 of Title 28 of the
United States Code for the recovery of their legal fees and expenses in a sum equal to twice the
presumed fee or the hourly billing rate of the attorney for the debtor ($500.00), whichever
amount is greater, and for the recovery of the debtors' expenses such as lost time from work,
travel costs, telephone calls, postage, paying for bank records, securing and paying for money
order or checking tracing and confirmation services, expenses incurred for the electronic
tracing of payments and the like, from Selene Finance As Servicing Agent For SRMOF 2009-1
Trust, its successors in interest, and/or the attorneys for the Movant.

In support of this conditional motion, the debtors show unto the Court that Section 1927 of
Title 28 of the United States Code, regarding Counsel's liability for excessive costs, provides:

*Any attorney or other person admitted to conduct cases in any court of the United States or any*
*Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously*
*may be required by the court to satisfy personally the excess costs, expenses, and attorneys'*
*fees reasonably incurred because of such conduct.*

A district court has the inherent power to assess attorney's fees against a party who has "acted
in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Alyeska Pipeline Service Co. v.*

23

*Wilderness Society*, 421 U.S. 240, 258-59 (1975) (internal quotations omitted).  In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party.  *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946).  In such instances, the imposition of sanctions "transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers v. Nasco*, 501 U.S. 32, 46 (1991) (quoting *Universal Oil*, 328 U.S. at 580).

**WHEREFORE,** the debtor having responded by way of Objection to Motion for Relief from Stay  filed herein for the purpose of reserving her right to hearing before the court respectfully pray of the court as follows**:**

A.  That the debtor(s) be granted a preliminary hearing on all issues raised by the pleadings in this case;

B.  That if applicable the claimant be ordered pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure to produce all current appraisal reports on the subject property, valuations, delinquency contact reports, mortgage inspection reports, property inspection reports, and all documents prepared in connection with this loan before any court hearing;

24

C.    That the court require the claimant pursuant to Rule 7034 of the Federal Rules of

Bankruptcy Procedure to produce a complete life of loan history of all receipts of payments

since the filing of this case (from the Trustee and the Debtors) and a detailed summary of the

application and disbursement of all such payments;

D.    That if applicable the Movant be ordered to provide the debtor with the name, address and

telephone number of the current holder and owner of the mortgage and promissory  note as

provided for by Section 1641(f)(2) of Title 15 of the United States Code;

E.    That if applicable the claimant provide the debtor(s) with a list of each entity having any

interest in the mortgage note that is the subject of this motion including, but not limited to, any

broker, table-funder, correspondent lender, originator, lender, warehouse lender, trustee,

investor, trustee under a pooling and servicing agreement, servicer, sub-servicer, master-

servicer, or similar party, and to identify each such party by full name, address, and a telephone

number;

F.    That if applicable the Movant be required to provide the debtor(s) for each party listed

pursuant to Section E herein the consideration each entity received or disbursed for any interest

it obtained or relinquished in the loan as well as the party it paid consideration to or received it

from;

G.    That this response be treated as an additional written Request for Production of the

Documents described herein, including the production of the lists and records as identified

herein, said request being made pursuant to Rule 7034 of the Federal Rules of Civil Procedure

and Rule 34 of the Federal Rules of Civil Procedure, and that the court enter an order requiring

such documents to be produced a least ten (10) days prior to any final hearing on this motion;

H.  That this response be treated as a Motion pursuant to Rule 9006(c)(1) of the Federal Rules

of Civil Procedure for this court in its discretion without notice and a hearing to reduce the

time period to respond to the request for production of documents as provided for herein to a

period of no less than ten (10) days prior to the designated hearing date and that the claimant

be ordered to fax legible copies of said documents to the attorney for the debtor(s) or to

transmit the same by an expedited or express mail service;

I.  That the court require the Movant to establish all facts in its Motion by way of live sworn

deposition testimony by qualified and competent agents and employees of the Movant and to

that extent the debtor(s) object to the use of any affidavits at this hearing and will only consent

to the testimony of witnesses with actual and personal knowledge of the facts so that they can

authenticate that any matter is what it is claimed to be;

J.  That if applicable the motion be dismissed if the Movant fails to produce all of the requested

documents at least five (5) days before the hearing date as requested herein and that sanctions

be awarded against the claimant in the event thereof;

K.  That if applicable this motion be dismissed pursuant to Rules 7017, 7019, and 7020 of the

Federal Rules of Bankruptcy Procedure for failure to prosecute the same in the name of the real

party in interest, to join necessary and mandatory parties, or to include the Trustee under the

Deed of Trust, or the Trustee under the Pooling and Servicing Agreement, as a necessary party;

L. That if applicable this motion be dismissed for failure of the claimant to comply with the

mandatory claim transfer and assignment Rules as provided for by Rule 3001(e) of the Federal

Rules of Bankruptcy Procedure;

M.  That the debtor(s) be granted a final hearing on all issues raised by the pleadings in this

case;

N.  That the debtor(s) have such other and further relief as to the court may seem just and

proper.

This the 2nd Day of  April, 2014.

   /S/ Linda M. Tirelli
Linda M. Tirelli, Esq.
Garvey Tirelli & Cushner, Ltd.
Westchester Financial Center
50 Main Street, Suite 390
White Plains, NY 10606
Phone (914)946-2200 / Fax (914)946-1300
Email: LindaTirelli@TheGTCFirm.com

Linda M. Tirelli, Esq.
Garvey Tirelli & Cushner, Ltd.
Westchester Financial Center
50 Main Street, Suite 390
White Plains, NY 10606
Phone (914)946-2200 / Fax (914)946-1300
Email: LindaTirelli@TheGTCFirm.com

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
## WHITE PLAINS DIVISION

```
-------------------------------------------------------X
IN THE MATTER OF:                          )
                                           )
                                           )        CASE NO. 13-22877(RDD)
HECTOR MUNOZ,                              )
JANE BOURGEOIS-MUNOZ                       )
            DEBTORS.                       )
_____               )
                                           )
SELENE FINANCE AS SERVICING                )
AGENT FOR SRMOF 2009-1 TRUST               )
                                           )
MOVANTS,                                   )
                                           )
vs.                                        )
                                           )
HECTOR MUNOZ,                              )
JANE BOURGEOIS-MUNOZ                       )
     RESPONDENTS    .                      )
-------------------------------------------------------X
```

## CERTIFICATE OF SERVICE

Linda M. Tirelli, attorney for the debtor, hereby certifies to the Court as follows:

1.      I am not a party for the foregoing proceeding;

2.      I am not less than 18 years of age;

3.      I have this day served a copy of the foregoing Objection To Motion For Relief From Automatic Stay By Selene Finance As Servicing Agent For SRMOF 2009-1 Trust And Request For Accounting And Conditional Motion For Damages And Fees , on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Hon. Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601-4140

Hector & Elise Munoz
949 Post Rd
Scarsdale, NY 10583

Ted Eric May, Esq.
255 Merrick Road
Rockville Centre, NY 11570
Via First Class Mail and Email: ted.may@maylawfirm.com

Greg Zipes, Esq. and
Andrew D. Velez-Rivera
U.S. Dept. of Justice
Office of the U.S. Trustee
33 Whitehall Street, 21st. Floor
New York, NY 10004


     4.     To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;


     5.     Service as outlined herein was made within the United States of America.


     This the 2nd Day of  April, 2014.

     __/S/ Linda M. Tirelli_____
     Linda M. Tirelli, Esq.
     Garvey Tirelli & Cushner, Ltd.
     Westchester Financial Center
     50 Main Street, Suite 390
     White Plains, NY 10606
     Phone (914)946-2200 / Fax (914)946-1300
     Email: LindaTirelli@TheGTCFirm.com